FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR -8 2013 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER PAUL,                                       MEMORANDUM AND ORDER

        Petitioner,                           CV 12-5631

-against-                                         (Wexler, J.)

UNITED STATES OF AMERICA,
        Respondent.
------------------------------------------------------------X

APPEARANCES:

    PETER PAUL
    PETITIONER PRO SE
    Federal Satellite Low Correctional Institution
    P.O. Box 6000 La Tuna
    Anthony, NM 88021

    LORETTA E. LYNCH, UNITED STATES ATTORNEY,
    EASTERN DISTRICT OF NEW YORK
    BY: SYLVIA SHWEDER, ESQ., ASSISTANT UNITED STATES ATTORNEY
    Attorneys for Respondent
    271 Cadman Plaza East
    Brooklyn, New York 11201

WEXLER, District Judge

    Petitioner Peter Paul, ("Petitioner" or "Paul"), moves for an order pursuant to 28 U.S.C. § 2255, vacating his conviction entered after a plea of guilty to one count of securities fraud. Paul was sentenced to a 120 month term of imprisonment, three years of supervised release and a special assessment of $100. He was later ordered to pay restitution in excess of $3.8 million to Merrill Lynch, and in excess of $7.6 million to Spear, Leeds & Kellogg. As to his term of imprisonment, Paul was given credit for time served while in the custody of a Brazilian prison, prior to his extradition to this country. Paul is presently serving what remains of his sentence.

1

As discussed below, Paul's petition is denied because the grounds raised have either been waived by virtue of his guilty plea, previously rejected by the Second Circuit Court of Appeals and/or are without merit.

## DISCUSSION

I.  Prior Proceedings

A. The Plea of Guilty and Sentence

In March of 2005, Paul pleaded guilty to one count of securities fraud, in violation of 15 U.S.C. §§78(j) and 78ff. In connection with his plea Paul waived any right to appeal so long as the court imposed a sentence of 120 months or less. As a result of several adjournments, Paul was not sentenced until June 25, 2009, when he was sentenced to serve a 120 month term of imprisonment along with three years of supervised release.

As indicated in the plea agreement and the transcript of the plea allocution proceedings, it was clear that so long as the sentence imposed did not exceed 120 months, Paul waived any right to appeal. This court specifically discussed both the waiver and the issue of whether Paul was satisfied with the representation provided by counsel. Paul, who was trained as an attorney, responded that he had reviewed the plea agreement with his attorney and was satisfied with his representation. The court twice followed up as to the waiver issue, stating that "You can't appeal the plea, because as I said, by pleading guilty you are waiving the substantive part and now if I give you 120 months or less, you can't appeal the sentence. You understand that?" Paul responded affirmatively.

Shortly after sentencing, this court ordered the payment of restitution as noted above. As to his term of imprisonment, Paul was given credit for time served while in the custody of a

2

Brazilian prison, prior to his extradition to this country. Paul was not given credit for time served on pretrial release under home confinement restrictions. On October 23, 2009, Paul's judgment of conviction was amended to reflect the court's recommendation that the Bureau of Prisons designate Paul to a federal correctional institution close to his family home in North Carolina. On November 17, 2010, a further request to amend the judgment to reflect credit for time served while Paul was on pretrial release was denied.

B.   Post-Sentencing Proceedings

After his sentencing, Paul filed an appeal to the Second Circuit Court of Appeals. On appeal, Paul argued that this court: "(1) violated his Fifth Amendment right to speedy sentencing; (2) imposed an unreasonable sentence; (3) erred in its ordering of restitution; and (4) violated his Sixth Amendment right to a speedy trial." United States v. Paul, 634 F.3d 668 (2d Cir. 2011). On July 19, 2010, the Second Circuit dismissed the appeal to the extent that it raised speedy trial issues, and any issue as to the reasonableness of the sentence imposed on the ground that such issues were waived by Paul's plea of guilty. Id. The appellate court thereafter allowed Paul to supplement his appeal by briefing the issue of whether this court violated Rule 11(c)(1) of the Federal Rules of Criminal Procedure by improperly participating in plea negotiations. Thereafter, the court considered and rejected the merits of all claims it held not barred by Paul's guilty plea. Specifically, the Second Circuit rejected Paul's claim as to the violation of Rule 11, as well as the claims that he was deprived of the right to a speeding sentencing, and that the orders of restitution were improper. Ultimately, the Second Circuit considered all of Paul's arguments on appeal, found them to be without merit, and affirmed Paul's conviction and sentence. Id. at 678.

Paul thereafter filed a petition for a writ of habeas corpus in the district of his

3

incarceration, i.e., the United States District Court for the Western District of Texas. In that petition, Paul sought credit (previously rejected by this court) for time served while on pretrial home release. In an opinion dated August 1, 2011, the Texas Court rejected the arguments raised by Paul in support of the argument that he was entitled to credit for time served while subject to home detention. Paul v. Bragg, 2011 WL 3298413 *3-5 (W.D. Tex. 2011). Affirming dismissal of Paul's habeas petition, the Court of Appeals for the Fifth Circuit held that Paul was not entitled to credit for time served during his period of home confinement and that his appeal was not only without merit, but frivolous. See Paul v. Bragg, 2011 WL 6379313, 454 Fed. Appx. 380 (5th Cir. 2011).

## II. The Present Petition

Paul brings the present petition pursuant to 28 U.S.C. §2255. Paul argues, as he has previously with respect to several issues raised, the following:

> that he is entitled to credit for time served while in home confinement;
>
> this court violated Rule 11 of the Federal Rules of Criminal Procedure by participating in plea negotiations,
>
> that his rights to a speedy trial and sentencing were violated;
>
> that the sentence imposed was unreasonable and in violation of the Due Process Clause of the Constitution, both in terms of the imprisonment and the restitution ordered;
>
> that the imposition of a period of three years of supervised release violates the extradition treaty between the United States and Brazil, and
>
> that his rights to effective assistance of both trial and appellate counsel were violated rendering his guilty plea involuntary.

## III. Disposition of the Petition

Where, as here, a defendant knowingly pleads guilty and waives the right to appeal any

4

sentence imposed that falls within an agreed upon term, the sentence cannot be attacked by either direct or collateral appeal. See United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999). Thus, the court rejects, as waived, Paul's claim that the sentence imposed was unreasonable. The court further rejects Paul's attempt to re-litigate issues already decided by the Second Circuit. Thus, Paul may not raise again the argument that this court violated Rule 11 of the Federal Rules of Criminal Procedure by participating in plea negotiations. Similarly, he cannot raise the issue that he was deprived of his right to a speedy sentencing or that the order of restitution was unreasonable.

This court rejects again, as has the Fifth Circuit Court of Appeals, that Paul was entitled to credit for time served while he was on pretrial release. The court agrees that any such argument is not only without merit, but frivolous. See Paul v. Bragg, 2011 WL 6379313, 454 Fed. Appx. 380 (5th Cir. 2011).

Paul raises here, for the first time, that the imposition of a three year term of supervised release following his incarceration violates the treaty pursuant to which Paul was extradited from Brazil (the "Treaty"). According to Paul, the Treaty provides that the United States government is required to provide him with his passport so that he may leave this country within 30 days of his release from imprisonment. A three year period of supervised release following the end of his term of imprisonment is argued therefore, to be in violation of the Treaty. The court has reviewed the Treaty, and finds no such provision.

The only Treaty provision that refers to a period of 30 days appears in Article XXI. That Article states that an extradited person cannot be either: (1) tried for a crime or offense other than that for which he was extradited, nor (2) re-extradited to a third country, unless the person has

5

been set at liberty by the extraditing country, and has chosen to remain voluntarily at liberty in the place of extradition in excess of 30 days of his release. This provision of the Treaty says nothing about an automatic right to release upon the expiration of 30 days of release from prison, it speaks only to re-extradition and being tried for other crimes.

Even if the Article at issue did mean what Paul says it does, and it does not, the reference to being "at liberty," cannot refer to a period of supervised release, since a person under such supervision is subject to conditions that do not place him at complete liberty. Moreover, a full reading of the provision at issue reveals that it must refer to the rights of non-citizens who choose to remain in this country after full service of their terms of imprisonment. Thus, the Article states that any person who, after release from prison, voluntarily chooses remain in the country to which he was extradited must be "informed of the consequences to which his stay" would subject him. As a United States citizen, there would be no consequence of which to inform Paul that could follow his continuing presence in this country. Finally, there is no indication, reference or requirement that any United States citizen who was extradited to this country to face prosecution must be provided with a passport. For all of the foregoing reasons, the court rejects any argument that the Treaty has been violated.

While Paul's arguments are, as described above, barred by the waiver set forth in his guilty plea, the court recognizes that he may raise a claim that his plea was not voluntary because "the advice he received from counsel was not within acceptable standards." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008). It is to this claim that the court turns.

A claim of ineffective assistance of counsel can be sustained only if the representation at issue fell below an objective standard of reasonableness and there is a reasonable probability that

absent counsel's errors the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012).

As to the initial prong of the Strickland test, there is a "strong presumption" the counsel's conduct fell within the "broad range of reasonable professional assistance." Harrington, 689 F.3d at 129. Thus, a petitioner's burden of showing ineffective assistance of counsel is heavy. Id. So long as the challenged attorney is prepared with relevant facts and appropriate legal standards, strategic decisions regarding the challenging of evidence and witnesses cannot be second-guessed in an effort to support an ineffective assistance of counsel claim. United States v. DiPaolo, 804 F.2d 225, 234 (2d Cir. 1986); Farrington v. Senkowski, 19 F. Supp.2d 176, 179 (S.D.N.Y. 1998). Indeed, all advice offered by counsel is not required to withstand a retrospective examination in a post-conviction hearing. McMann v. Richardson, 397 U.S. 759, 770 (1970). As to the second Strickland prong, prejudice is not shown where the claim or objection that an attorney failed to pursue lacks merit. Harrington, 689 F.3d at 130 ("[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite") (citations omitted).

This court has reviewed the proceedings in this matter and the submissions of the parties. Those submissions include the affidavits of two of Paul's lawyers in this matter. That review reveals that Paul has not shown that the representation provided fell below a level necessary to establish the knowing and voluntary nature of his guilty plea. To the contrary, it is clear to the court that counsel properly investigated and raised all defenses reasonably available to Paul, including the claim, rejected by this court, that Paul was deprived of his right to a speedy trial. Paul was made well aware of the strength of the government's case and chose to plead guilty.

Moreover, Paul, a defendant with a law degree, was certainly aware of his right to change attorneys, having chosen to do so on seven different occasions during the course of the proceedings in this matter. Paul makes no plausible claim in support of his claim of ineffective assistance of counsel. Where, as here, that conclusion is plain, the case is properly dismissed without the necessity for a hearing. See Graziano v. United States, 2013 WL 298116 *5 (E.D.N.Y. 2013); see Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (hearing required only where petitioner makes a plausible claim of ineffective assistance of counsel).

## CONCLUSION

Paul's raises no ground upon which his 2255 petition can be granted. Nor has he set forth any evidentiary information requiring a hearing. For the foregoing reasons, the petition must be and hereby is, denied. The Clerk of the Court is directed to terminate all motions herein and to thereafter close the file in this case.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 8, 2013